```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

UNITED STATES OF AMERICA                            PLAINTIFF/RESPONDENT

v.                      Civil No. 09-5172
                        Criminal No. 07-50052

BRIAN JOHN BERGTHOLD                                  DEFENDANT/MOVANT


**O R D E R**

Now on this 31st day of January, 2011, comes on for consideration the **Magistrate Judge's Report and Recommendation** (document #75) entered by United States Magistrate Judge Setser in this matter, and the **Objections to Magistrate's Report and Recommendation** (document #77) of Brian John Bergthold. The Court, having carefully reviewed said Report and Recommendation (hereinafter "R & R") as well as the objections thereto, finds as follows:

1. Before this Court is defendant/movant Bergthold's Habaes Corpus petition filed on August 18, 2009, pursuant to 28 U.S.C. § 2255. By way of background, the Court notes the following:

(a) On July 26, 2007, the defendant waived indictment and, pursuant to a written plea agreement, pled guilty to a two-count Information filed in the Western District of Arkansas.

Count One of the Arkansas Information charged that the defendant, having custody and control of a minor, permitted that minor to engage in sexually explicit conduct for the purpose of

producing a visual depiction of such conduct, in violation of 18 U.S.C. §§ 2251(b) and (e).

Count Two of the Arkansas Information charged that the Defendant knowingly transported in interstate commerce images of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1).

(b) The defendant also pled guilty to an Information filed in the District of Oregon and transferred to the Western District of Arkansas, charging him with using minors to produce depictions of sexually explicit conduct, in violation of 18 U.S.C. §§ 2251(a) and (d).

(c) Prior to the change of plea hearing whereat defendant entered the foregoing pleas, he had executed and presented to the Court a plea agreement which stated -- in pertinent part -- that the statutory maximum terms of imprisonment for the three counts were as follows:

* Thirty years (360 months) on Count One of the Arkansas Information;

* Twenty years (240 months) on Count Two of the Arkansas Information; and

* Thirty years (360 months) on the single count in the Oregon Information (the plea agreement also mentioned that this count featured a fifteen year (180 months) mandatory minimum).

During the change of plea hearing which took place on July 26, 2007, the government noticed that the maximum and minimum statutory

terms for the Oregon Information -- as set out in the plea agreement -- were incorrect and that, instead, be twenty years (240 months) and ten years (120 months), respectively, instead of thirty years (360 months) and fifteen years (180 months), respectively. Thus, during the plea change of hearing, the appropriate changes were made to the plea agreement -- with defendant's knowledge and consent --  to correct these errors.

       (d)   At a sentencing hearing which took place on August 22, 2008 -- more than a year after his change of plea hearing on July 26, 2007, the defendant was awarded the following sentence:

* 360 months imprisonment on Count One of the Arkansas Information;
* 240 months imprisonment on Count Two of the Arkansas Information; and
* 240 months imprisonment on Count One of the Oregon Information.

The terms were ordered to run consecutively, for a total term of imprisonment of 70 years (840 months).

The defendant was also fined $75,000, ordered to pay $750.50 in restitution and a $300 special assessment, and ordered to serve lifetime supervised release.

       (e)   The defendant did not appeal his conviction or sentence.

2. Now before the Court is defendant's Habaes petition in which he asserts five (5) grounds for relief. Since grounds One and Three are related, they will be addressed together.

    (a) <u>Grounds One and Three</u> -- defendant asserts that his plea agreement was not valid, as it incorrectly stated that the maximum statutory punishment for Count Two of the Arkansas Information was 20 years -- when, in fact, the statute in effect at the time of the offense carried a maximum penalty of only 15 years. Accordingly, and as a result thereof, defendant argues in ground three that his 20 year sentence on this Count Two exceeded the applicable statutory maximum.

The Government concedes that, with respect to Court Two, the plea agreement and presentence report incorrectly set forth a 20-year statutory maximum instead of the correct 15-year statutory maximum penalty.

    (b) <u>Ground Two</u> -- defendant asserts that his retained attorney, Andrew Miller, was ineffective for failing to file a notice of appeal.

    (c) <u>Ground Four</u> -- defendant asserts that, in violation of the Ex Post Facto Clause of the Constitution, the Court incorrectly applied the 2007 Edition of the Sentencing Guidelines Manual rather than the Guidelines in effect at the time the offenses were committed.

    (d) <u>Ground Five</u> -- defendant asserts that the Court improperly applied the sentencing enhancements for "pattern of

activity and intent to distribute" and that it also improperly made findings of fact regarding relevant conduct without submitting those fact to a jury for determination.

 3. The R & R now before the Court makes the following recommendations:

 (a) that defendant/movant be denied relief on Grounds One, Two, Four and Five of his motion; and

 (b) that defendant/movant be granted relief on Ground Three, to the extent that an amended judgment should be issued reducing the defendant's sentence on Count Two of the Arkansas Information to the correct statutory maximum of 15 years.

 4. Defendant has filed objections to the R & R. as follows:

 (a) <u>Failure of Attorney to Appeal</u> -- that, notwithstanding the Magistrate Judge's conclusions reflected in the R&R, the facts show that he *did*, in fact, instruct his attorney to file a notice of appeal;

 (b) <u>Procedural Default</u> -- that, notwithstanding the extensive analysis set out in the R&R, he did *not* procedurally default his remaining claims; but if it be found that he did so, such default should -- given the totality of the circumstances -- be excused;

 (c) <u>Plain Error</u> -- that plain-error regarding the statutory penalty applicable to Count Two of the Arkansas Information invalidates the plea agreement;

 (d) <u>Improper Guideline Mannual Usage</u> -- that use of the 2007 Guidelines Manual violated the Ex Post Facto Clause; and

(c) <u>Impermissible Enhancement</u> -- that his sentence was impermissibly enhanced without the benefit of a jury or based on a preponderance of the evidence before the court.

5. The Court finds as follows with respect to the foregoing several objections:

(a) Based upon the Magistrate Judge's thorough and well-reasoned comments, there is no merit to defendant/movant's contention that defendant/movant's counsel was ineffective for failing to file an appeal and this objection should and will be overruled.

(b) Based upon the Magistrate Judge's thorough analysis, there is no merit to defendant/movant's contentions -- either that he did not procedurally default his claims or, if he did, that such default should be excused -- and the objection based upon these contentions should and will be overruled.

(c) Based upon the Magistrate Judge's thorough analysis and well-reasoned comments, there is no merit to defendant/movant's contention that, because of the plain error regarding the statutory penalty applicable to Count Two of the Arkansas Information -- which is conceded by both the government and the Court -- defendant/movant's plea agreement is invalid and should be set aside. However, for the same reasons, the Court concludes that the Magistrate Judge's recommendation that defendant/movant's sentence should be amended to reduce the sentence awarded him on Count Two of the Arkansas Information from the erroneous statutory maximum of

twenty years (240 months), down to the correct statutory maximum of fifteen years (180 months) is sound and that it should and will be adopted and implemented.

    (d) Based upon the Magistrate Judge's thorough analysis, there is no merit to defendant/movant's contention that the Court utilized an inappropriate version of the Guidelines Manual in connection with the determination of the appropriate guidelines to be considered with respect to the sentence to be awarded to him. Accordingly, the objection based upon this contention should and will be overruled.

    (e) Based upon the Magistrate Judge's thorough analysis, there is no merit to defendant/movant's contention that the Court impermissibly enhanced his sentence based on facts not found by a jury or which were determined by the Court by a preponderance of the evidence. Accordingly, the objection based upon this contention should and will be overruled.

    6.  In light of the foregoing, the R&R will be approved and adopted as stated -- and will be ordered implemented.

    7.  The Court notes its recollection that, whatever the statutory caps turned out to be, the Court would have imposed the maximum punishment statutorily allowable on each of the three counts and ordered them to run consecutively -- which is appropriate where, as here, the guidelines call for life imprisonment which cannot be awarded because of the statutory caps

featured with respect to each of the three counts (two by Arkansas Information and one by Oregon information).

As noted, when the error with respect to the Oregon information was discovered and corrected, defendant did not attempt to withdraw from his plea agreement, nor did he attempt to withdraw his pleas of guilty to all three counts. The Court agrees with the Magistrate Judge that if the error with respect to Count Two of the Arkansas Information had been discovered at the same time as was the error concerning the Oregon Information, there is no plausible reason to believe that defendant/movant would then have attempted to withdraw from the plea agreement or to withdraw his pleas since the corrections of both errors redound to defendant/movant's benefit.

The Court has no doubt that, if the error with respect to Count Two of the Arkansas Information had been discovered at or before sentencing, it would have adjusted its intentions to accommodate the correct statutory maximum appropriate to that offense and then pronounced maximum sentences on the three counts to run consecutively.

**IT IS THEREFORE ORDERED** that defendant's **Objections to Magistrate's Report and Recommendation are overruled.**

**IT IS FURTHER ORDERED** that the **Magistrate Judge's Report and Recommendation is adopted** *in toto*.

**IT IS FURTHER ORDERED** that defendant is **denied** relief on Grounds One, Two, Four and Five of his § 2255 motion, as these grounds are without merit;

**IT IS FURTHER ORDERED** that defendant is **granted** relief on Ground Three of his § 2255 motion, to the extent that an amended judgment should and will be entered, *nunc pro tunc* reducing defendant's sentence on Count Two of the Arkansas Information to the correct statutory maximum of one hundred eighty (180) months.

**IT IS FINALLY ORDERED** that the Court hereby declines to issue a certificate of appealability as the defendant has not made a "substantial showing of the denial of a constitutional right," as required for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

/s/Jimm Larry Hendren
**HON. JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**